UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD D. DENNIS,

              Plaintiff,                            Case Number 10-10099
                                                           Honorable David M. Lawson
v.                                                      Magistrate Judge Virginia M. Morgan

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____/

## OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING TO COMMISSIONER FOR FURTHER CONSIDERATION

      The plaintiff, a school custodian, was 35 years old when he injured his right shoulder at work in 2006. The injury required three surgeries to repair (plus an additional procedure, according to the plaintiff's attorney), and the plaintiff contends that he still has not recovered. The Social Security Administration denied him disability benefits, and on January 1, 2010 he filed the present action seeking review of the Commissioner's decision denying his claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and the defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morgan filed a report on October 13, 2010 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the plaintiff's complaint be dismissed. The plaintiff filed timely objections to the recommendation and the defendant filed a response. The

Court finds that the administrative law judge (ALJ) did not discuss, and therefore there is no way to know if he considered, important evidence bearing on the plaintiff's disability. Therefore, the case must be remanded for further consideration.

I.

As mentioned, the plaintiff was working as a school custodian when, on July 12, 2006, he lost control of a floor buffer that "flung [him] to the ground on [his] shoulder." Tr. 113. He sought medical treatment and eventually was diagnosed following an imaging study with a tear of the superior labrum, the cuff of cartilage that deepens the shoulder socket. Dr. David Janda, an orthopedic surgeon, performed laproscopic surgery to repair the tear on October 26, 2006. Recovery was more difficult than anticipated. The plaintiff described continuous pain. When the plaintiff did not improve, Dr. Janda referred him to a pain clinic, which the plaintiff visited just once before his worker's compensation carrier interceded and sent him to Dr. Steve Geiringer, a physical medicine specialist. He began treatment with Dr. Geiringer on May 16, 2007. Dr. Geiringer treated the plaintiff through the spring of 2008.

The plaintiff attempted to return to work in July 2007 but was unable to sustain working due to shoulder pain. The plaintiff returned to Dr. Janda, who performed a second surgery on the right shoulder on October 3, 2007 to repair a partial labral tear. Physical therapy followed, but the results were not satisfactory and perhaps aggravated the plaintiff's pain. The plaintiff's worker's compensation insurer then sent him to Dr. Jack Lennox for a consultation. Dr. Lennox examined the plaintiff one time and made recommendations on the plaintiff's capacity to work. He also opined that no further surgery was warranted, but his prediction turned out to be flawed.

In July 2008, the plaintiff began to see a pain management specialist, once the workers compensation insurer authorized that course of treatment. When no improvement to the plaintiff's pain eventuated, the insurer sent him to another surgeon, Dr. Laith Farjo, who performed a third surgery on December 2, 2008 to again repair the torn labrum. Dr. Farjo's post-surgery notes describes the plaintiff's pain as severe.

The plaintiff argues that his pain prevents him from working, and his condition is not improved. He mentioned in his objections to the magistrate judge's report that he has had a fourth surgery on his shoulder, but that is not part of the record in this case.

The plaintiff, now forty years old, filed his application for DIB and a period of disability on November 19, 2007 when he was thirty-six. He completed high school but did not attend college, and he was employed as a custodian in a school for the eight years immediately preceding his injury. He previously was employed a degreaser at a mechanical plant from April 1996 to June 1998 and a lumberman from 1993 through 1996. The plaintiff stopped working as of the date of his injury, but returned to work for six days in August 2007 following his second shoulder surgery, when he reinjured his shoulder and has not returned to work since.

The plaintiff's application for disability insurance benefits was denied initially on December 7, 2007, and he made a timely request for an administrative hearing. On February 10, 2009, he appeared before ALJ Daniel G. Heely when he was thirty-eight years old. ALJ Heely filed a decision on June 15, 2009 in which he found that the plaintiff was not disabled  The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ found that the plaintiff had not engaged in substantial gainful activity since July 12, 2006, the alleged onset date (step one); the plaintiff's status following his right shoulder

surgeries was considered a "severe" impairment "severe" under the Social Security Act (step two); this impairment alone or in combination did not meet or equal a listing in the regulations (step three); and the plaintiff was unable to perform any past relevant work, which was found to be unskilled and required medium to heavy exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a wide range of light work. The ALJ found that the plaintiff would be able to sit, stand, or walk for 6 hours out of an 8 hour workday; could lift or carry 20 pounds on occasion and 10 pounds frequently; and was limited to work requiring only occasional balancing. However, the ALJ found that the plaintiff would be precluded from climbing, crawling, or reaching above the shoulder level with his right arm. A vocational expert testified that the plaintiff would be able to perform the requirements of representative occupations such as office helper, production assembler, and ticket seller, which exist in the Michigan economy. Based on these finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.21 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on November 24, 2009.

II.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's responses thereto and has made a *de novo* review of the administrative record in light of the parties' submissions. In his motion for summary judgment, the plaintiff argued that ALJ failed in his duty to review all the evidence submitted because the ALJ failed to consider or even mention two of the plaintiff's treating doctors, one of whom, Dr. Farjo, actually performed a

third shoulder surgery; the ALJ mischaracterized the opinion of another treating physician, Dr. Janda, construing the absence of a work restriction as a release to return to work; and the ALJ improperly divided a continuous period of disability into discrete parts so that the plaintiff would meet the temporal requirements of the statutory disability definition. After addressing each of these arguments, the magistrate judge determined that the ALJ's oversight in failing to mention Dr. Farjo was not erroneous because the ALJ is not required to discuss all the evidence in the record and the non-disability decision was supported by substantial evidence in the whole record.

The plaintiff first objects to the magistrate judge's finding that the ALJ's failure to mention the plaintiff's third surgery or treatment by Dr. Farjo does not constitute reversible error. The plaintiff argues that this evidence is important and notes that the Sixth Circuit has found reversible error where the ALJ failed to mention a treating physician in the decision. *See Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009). Second, the plaintiff objects to the magistrate judge's conclusion that the ALJ properly evaluated treatment furnished by Dr. Geiringer, because the plaintiff believes that a passing reference to this treating doctor's records without using mentioning him by name is insufficient to allow the magistrate judge to conclude that the ALJ read and considered the evidence submitted by Dr. Geiringer. Third, the plaintiff objects to the magistrate judge's failure to make any finding on the debilitating effect of the plaintiff's pain and argues that the magistrate judge should have applied the two-part test in *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994). Fourth, the plaintiff objects to the magistrate judge's finding that the ALJ did not err by failing to discuss Dr. Janda's recommendation that the plaintiff file for Social Security Disability benefits because Social Security Rule 96-5p requires the ALJ to at least consider this opinion. Fifth, the plaintiff argues that the magistrate judge erred when she concluded that the

ALJ's determination that the plaintiff was not disabled for a continuous 12-month period was supported by substantial evidence. Sixth, the plaintiff objects to the magistrate judge's finding that substantial evidence in the record as a whole supports the ALJ's decision to deny benefits and argues that the ALJ ignored most of the substantial evidence from Dr. Janda and Dr. Farjo that supported granting benefits.

All parties agree with the magistrate judge that the plaintiff has the burden of proving disability in order to qualify for social security disability benefits, and that "disability" is defined as the "inability to engage in any substantial gainful activity" due to a "physical or mental impairment" that could cause death or might reasonably be expected to last continuously for at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A). Of course, a person is not disabled merely because his or her limitation prevents the person from performing previous work, if that person can perform other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The parties also accept the rule that the authority of this Court to review administrative decisions of the Commissioner is limited to deciding whether the proper legal standards were used and "whether there is substantial evidence in the record to support the findings." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986)). The plaintiff takes issue with the application of this rule, however, arguing that the ALJ culled from the record only that evidence which favored a determination of no disability, violating the familiar instruction that a decision cannot be based on a single piece of evidence in disregard of other pertinent evidence that exists in the record, *see Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978), and that "the substantiality of evidence must take into account

whatever in the record fairly detracts from its weight," *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

It perhaps is difficult to accept the idea that a previously healthy 38-year-old male who injures a single extremity — in this case, a shoulder — is unable to work at any job that exists in substantial numbers in the national economy. However, the plaintiff testified that intractable shoulder pain prevents him from performing *any* substantial gainful activity. Subjective complaints of pain may be sufficient to support a claim of disability. *See Glass v. Sec'y of Health, Educ. & Welfare,* 517 F.2d 224, 225 (6th Cir. 1975). However, Congress has stated that "there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain." 42 U.S.C. § 423(d)(5)(A).

The plaintiff's treating doctors have confirmed the existence of a medical condition that can cause the pain the plaintiff has described. They also have taken him off work, although it is not entirely clear that the restriction applies to all work or just his former work. Dr. Geiringer, for example, stated in August that he could not predict the plaintiff's capacity for work, but it was likely he could not return to his old job. Tr. 163. He also ordered the plaintiff on August 22, 2007 not to return to work until he had an orthopedic evaluation. Tr. 168. Previous orders would have permitted the plaintiff to return to work with restrictions in June or July that year. Tr. 176, 179, 182. Dr. Farjo also restricted the plaintiff from working following the surgery in December 2008. Tr. 322, 325, 329.

The Sixth Circuit has discussed the analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847, 853 (6th Cir. 1986). Once the existence of a pain-producing condition is found, the ALJ must determine the intensity and persistence of the pain. Under 20 C.F.R. § 404.1529, the ALJ must consider several factors, including the objective medical evidence, the activity which precipitates or aggravates the plaintiff's symptoms, the plaintiff's daily activities, the intensity and duration of his symptoms, and medications, treatment and other means to relieve the symptoms. *See* 20 C.F.R. § 404.1529(c).

The longitudinal picture of the plaintiff's course in this case is that he suffered a relatively routine injury, he underwent conventional surgery to repair it, which usually results in a good outcome, but he did not get better. The ALJ found that the plaintiff's complaints of intense pain and the limitations it caused him were not fully credible. But a determination of that nature calls for consideration of all the evidence on the point. *See Rogers v. Comm'r of Social Sec.*, 486 F.3d 234, 248 (6th Cir. 2007) (explaining that Social Security Ruling 96-7p also requires the ALJ explain his credibility determinations in his decision such that it "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight"); *see also Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) ("In the absence of an explicit and reasoned rejection of an entire line of evidence, the remaining evidence is 'substantial' only when considered in isolation. It is more

than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984))).

The magistrate judge stated that the ALJ is not required to discuss or comment on all the evidence in the record, citing *Walker v. Secretary of Health & Human Services*, 884 F.2d 241, 245 (6th Cir. 1989). *Walker* does not say exactly that; it stands for the slightly different proposition that in making a substantiality of evidence assessment, a reviewing court may consider all the evidence in the administrative record, even if the ALJ does not mention it. However, the job of the ALJ is to consider all the medical evidence submitted to it. *See* 20 C.F.R. § 404.1527(d) ("[W]e will evaluate every medical opinion we receive.").

When the ALJ fails to mention a treating source by name or even acknowledge that the plaintiff underwent a relevant medical procedure, the Court has no way of determining whether proper consideration was given to the relevant factors in deciding the disability question. There are several reasons why that failure is problematic in this case. First, the evaluation and treatment provided by Drs. Geiringer and Farjo are part of the "objective medical evidence" the ALJ must consider when assessing the intensity and persistence of the plaintiff's pain symptoms. Second, both physicians are treating sources who recommended that the plaintiff not return to work. Their opinions conflict with other evidence in the record, including the opinion of Dr. Lennox. However, the ALJ is required to give reasons for disregarding the opinions of the treating sources. *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (holding that "pursuant to [20 C.F.R. § 404.1527(d)(2)], a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be

sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996))).

In *Blakley v. Commissioner of Social Security*, 581 F.3d 399 (6th Cir. 2009), the court of appeals, referring to the requirement to give reasons for discounting a treating physician's opinion, explained that "the reason-giving requirement exists to 'ensur[e] that each denied claimant receives fair process.'" *Id.* at 407 (quoting *Rogers*, 486 F.3d at 243). That requirement applies with equal force when the ALJ ignores an entire line of medical treatment that has a direct bearing on the injury mechanism alleged to cause disabling pain. The *Blakley* court also held that "the ALJ's failure to follow the Agency's procedural rule does not qualify as harmless error where we cannot engage in 'meaningful review' of the ALJ's decision." *Id.* at 409. The same holds true in this case.

The Court does not quarrel with the magistrate judge's suggestion that the ALJ could have arrived at the result he reached based on the evidence he described in his decision. However, the Court believes that an incomplete analysis of the material evidence presented to the ALJ requires that the case be reconsidered.

### III.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court respectfully concludes that the magistrate judge did not properly review the administrative record and applied the correct law in reaching her conclusion. The Court has considered the plaintiff's objections to the report and finds the first one to have merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #12] is **REJECTED**.

It is further **ORDERED** that the plaintiff's objections [dkt #13] are **SUSTAINED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt #8] is **GRANTED IN PART**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #11] is **DENIED**.

It is further **ORDERED** that the findings of the Commissioner are **REVERSED** and the case is **REMANDED** to the Commissioner for further consideration.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: March 29, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2011.

                                        s/Deborah R. Tofil
                                        DEBORAH R. TOFIL