UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD D. DENNIS,

        Plaintiff,

                                        Case Number 10-10099
v.                                           Honorable David M. Lawson

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES

This matter is before the Court on the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b). The plaintiff, Todd D. Dennis, prevailed in his Social Security appeal before this Court on October 13, 2011, and his attorney, Lawrence W. Sperling, is now seeking $14,934 in attorney's fees to be paid from the award of past-due benefits. The Social Security Administration has withheld $14,934 – 25% of the award – pending approval of the attorney's fees by this Court. Plaintiff's counsel was awarded $5,000 in attorney's fees pursuant to the Equal Access to Justice Act on September 28, 2011. Plaintiff's counsel entered into a 25% contingent fee with his client, and the plaintiff does not object to the fee request.

Whenever a claimant who was denied Social Security benefits by the agency prevails on appeal to the district court, the court may authorize an award of reasonable attorney's fees to the claimant's attorney "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [the] judgment." 42 U.S.C. § 406(b)(1)(A). The statute authorizes the Commissioner of Social Security to "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." *Ibid.* The Social Security

Administration's regulations authorize the agency to withhold 25% of the claimant's total past-due benefits for attorney's fee payment pending approval by the court. 20 C.F.R. § 404.1728(b).

Contingent fee arrangements are allowed under the Social Security Act. In fact, an "agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to rather high hourly rates. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d739, 746 (6th Cir. 1989), and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)). The court of appeals recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others." *Ibid.* (quoting *Royzer*, 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as *per se* reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746. Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Ibid.*

In this case, there is no suggestion that Mr. Sperling behaved improperly or was ineffective. Nor does it appear that awarding the total fee requested would amount in a windfall. In *Hayes*, the court of appeals determined that a windfall does not occur when, "in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422 (footnote omitted). "A

calculation of a hypothetical hourly rate that is twice the standard rate . . . provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for 'minimal effort expended,' the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Ibid.*

In this case, Mr. Sperling submitted the fee agreement with his client calling for 25% of the recovery, plus an itemization of the hours expended on this case in this Court, a total of 61.25 hours. Based on these records, a request for $14,934 for 61.25 hours of service yields an "effective hourly rate" of $243 per hour. Based on the difficulty of the task and counsel's experience in this area, the Court agrees that the rate is reasonable and is within the range of prevailing market rates for Social Security appeals in Michigan. *See Hayes*, 923 F.2d at 420 (stating that hourly rates of $175 to $180 were approved by the Secretary as reasonable as long ago as 1989). Under *Hayes*, a windfall does not occur if the fee is equal to or less than twice the reasonable hourly rate as determined by the market. Mr. Sperling has not offered any evidence of the market rate for practitioners in his field or geographic area. However, this Court previously has found that "the reasonableness of a $155 hourly rate is beyond dispute." *Demijohn v. Commissioner of Social Sec.*, No. 05-10322, 2010 WL 2474823, at *3 (E.D. Mich. June 14, 2010). Twice that rate is $310; when multiplied by the time spent on the appeal to this Court, a fee of $14,934 does not constitute a windfall.

However, because Mr. Sperling already has been awarded $5,000 in attorney's fees pursuant to the Equal Access to Justice Act, the Court will not approve payment of the full 25% of outstanding benefits. Instead, the Court will approve attorney's fees in the amount of $9,934, which represents 25% of the plaintiff's past-due benefits less $5,000.

Accordingly, it is **ORDERED** plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) [dkt #19] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that attorney's fees under 42 U.S.C. § 406(b) are **APPROVED** in the amount of $9,934.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: October 4, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 4, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL